(96 South. 577)

**WOOD & PRITCHARD v. McCLURE.**
(6 Div. 854.)

(Supreme Court of Alabama.   May 24, 1923.)

*1. Courts* ⊂⇒23—**Consent cannot confer jurisdiction forbidden.**

Consent cannot confer jurisdiction forbidden by law.

*2. Courts* ⊂⇒2—**Time and place may be essential to jurisdiction.**

When the law prescribes time and place, time and place are as essential elements of jurisdiction as subject-matter and parties.

*3. Statutes* ⊂⇒109—**Amendment by reference to section confined to subjects of the section.**

An amendment by reference to the number of a section in an act must be confined to matters which are germane to, suggested by, and supplemental to, the subject of that section.

*4. Statutes* ⊂⇒124(4)—**Amendatory act as to time when court may not try civil cases held not to disclose scope by title.**

Acts 1919, p. 275, entitled an act "to amend section 16" of a prior act, and forbidding in effect the circuit court of Jefferson to try civil cases during the first or preceding week of the call of the sixth division, is invalid as not expressing its subject in its title as required by Const. 1901, § 45, in that in the original section 16 there is nothing to give notice of such clause limiting trial of civil cases by the circuit court of Jefferson.

*5. Appeal and error* ⊂⇒544(1)—**Sufficiency of bill of particulars not reviewable in absence of bill of exceptions.**

Where there was no bill of exceptions, the sufficiency of plaintiff's bill of particulars was not reviewable, although the bill of particulars was filed with the clerk and was set out in the transcript, as it did not become, strictly speaking, a component of the pleadings.

*6. Pleading* ⊂⇒313—**Bill of particulars not part of pleadings.**

A bill of particulars has the effect of a pleading in that proof is restricted by it, but the service of a bill of particulars does not constitute an amendment of the pleadings, and an amendment of the bill does not operate to change the issues in a cause.

*7. Appeal and error* ⊂⇒553(1)—**Recital of exception in judgment entry is unavailing.**

The recital of an exception in the judgment entry avails nothing, for exceptions must be shown by a bill of exceptions.

*8. Courts* ⊂⇒121(4)—**Counts claiming recovery of a sum below court's jurisdiction may be joined with counts within jurisdiction.**

Under Code 1907, § 5328, counts seeking to recover an item below the circuit court's jurisdiction may be joined with counts within its jurisdiction; hence the counts seeking the lesser recovery are not subject to motion to strike or demurrer.

*9. Appeal and error* ⊂⇒1040(7)—**Sustaining demurrers to pleas equivalent to general issue, which was pleaded, held harmless.**

Sustaining demurrers to pleas which were the equivalent of the general issue, which was pleaded, was harmless.

*10. Frauds, statute of* ⊂⇒153—**Pleading** ⊂⇒8(6)—**Plea of statute of frauds as to debt of another held defective.**

A plea invoking the statute as to debt of another was bad as amounting to the statement of a conclusion only, where it failed to disclose how or in what manner the debt in a suit was the debt of another than defendant, or whose debt it was, and also failed to aver that the contract sued on was not evidenced by writing signed by defendant and expressing the consideration.

*11. Frauds, statute of* ⊂⇒153—**Plea should aver contract was oral.**

A plea of the statute should expressly aver that the contract in suit was not in writing, else it will be presumed to be so.

**12. Appeal and error ⟳1040(11)—Overruling demurrers to counts harmless where counts eliminated by general charge.**

Where certain counts of a complaint were eliminated by the general charge, any error in overruling demurrers to such counts was of no consequence to defendants, appellants.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action on the common counts by R. J. McClure against Wood & Pritchard. From a judgment for plaintiff, defendants appeal. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

Plea 6, interposed by defendants, is as follows:

"(6) That the said suit of the plaintiff arose from the compensation to be allowed upon service performed and claim therefor, and prosecution to judgment thereof in the United States District Court for the Southern Division of the Northern District of Alabama, sitting in bankruptcy; and said defendants, denying that they are or were at any time liable therefor, or that the said plaintiff has become entitled thereto, set down and show to the court that such alleged default is the debt of another and that no facts have been shown to the court or exist whereby they are or were or have become liable therefor."

Eugene H. Hawkins, of Birmingham, for appellants.

The judgment of a court, rendered at a time or place not authorized by law, is void. Acts 1919, p. 275; Acts 1911, p. 158; Local Acts 1911, p. 56; Garlick v. Dunn, 42 Ala. 404; Davis v. State, 46 Ala. 80; Ex parte Branch & Co., 63 Ala. 383; Jackson v. State, 102 Ala. 76, 15 South. 351; State v. Thurman, 205 Ala. 677, 88 South. 899; Id., 17 Ala. App. 656, 88 South. 61; Hale v. Kinnaird, 200 Ala. 596, 76 South. 954; Ex parte State, 205 Ala. 11, 87 South. 594. When an account is the foundation of a suit, a party to the cause is entitled, as of right, to a list of items composing the account. Code 1907, § 5326; Stearns v. Edmonds, 189 Ala. 487, 66 South. 714; Morrisette v. Wood, 128 Ala. 505, 30 South. 630; Doss v. Peterson, 82 Ala. 253, 2 South. 644; Berthold v. Phalin, 196 Ala. 362, 71 South. 989; 31 Cyc. 565; Liscomb v. Agate, 51 Hun, 288, 4 N. Y. Supp. 167; 39 Cent. Dig. (Pleading) § 949; Fullerton v. Gaylord, 30 N. Y. Super. Ct. 551. No action can be maintained for services partly performed upon a contract which is breached by plaintiff, nor upon a contract void under the statute of frauds. Martin v. Massie, 127 Ala. 504, 29 South. 31; McCormick v. Badham, 204 Ala. 11, 85 South. 401; Code 1907, § 4289 (3); Farrow v. Burns, 18 Ala. App. 350, 92 South. 236.

James H. Willis, of Birmingham, for appellee.

A bill of particulars is no part of the record, and unless incorporated in the bill of exceptions will not be considered. Cicotte v. Wayne Co., 44 Mich. 173, 6 N. W. 236; Daniel Forbes Co. v. Leonard, 119 Ill. App. 629; Fender v. Fender, 123 Ill. App. 105; Peterson v. Mayer, 142 Ill. App. 257; Central Com. Co. v. Jones Co., 251 Fed. 13, 163 C. C. A. 263. A plea setting up a defense provable under the general issue is demurrable. Taxicab Co. v. Grant, 3 Ala. App. 393, 57 South. 141; Huggins v. So. Ry., 159 Ala. 189, 49 South. 299; West Ry. v. Russell, 144 Ala. 142, 39 South. 311, 113 Am. St. Rep. 24; Moore v. Cowan, 173 Ala. 536, 55 South. 903. The subject-matter of the proviso of the amendatory act of 1919 (Acts 1919, p. 275) is not included in the title and is unconstitutional and void. Const. 1901, § 45; Walker v. State, 142 Ala. 7, 39 South. 242; Hays v. Walker, 16 Ala. App. 336, 77 South. 930; Thomas v. State, 16 Ala. App. 145, 75 South. 821; State v. So. Ry., 115 Ala. 250, 22 South. 589; Brown v. State, 115 Ala. 74, 22 South. 458.

SAYRE, J. [1-4] The trial in this case was had on the 21st and 22d days of November, 1921. These were days of the week preceding the call of the Sixth division in this court. On the authority of the act "to amend section 16 (Acts 1915, p. 812) of an act entitled 'An act to further prescribe and regulate the qualifications, number, designation, duties and powers of the circuit judges of the state and to provide for their election and appointment,' approved September 25, 1915," it is insisted that the court was without authority to try civil causes at that time, and that its judgment is coram non judice. If this contention were to be disposed of upon consideration of the mere language of the amendatory act (Acts 1919, p. 275), it would be necessary to hold in agreement with the contention stated, for that language is explicit and mandatory to the effect that "during the week preceding" the call of the Sixth division "and during the first week" of that call in this court, "no civil causes shall be tried in the law division" of the circuit court of Jefferson, and while the parties agreed to a trial at that time, consent cannot confer a jurisdiction forbidden by law. When the law prescribes time and place, time and place are as essential elements of jurisdiction as subject-matter and parties. Ex parte Branch, 63 Ala. 383; Davis v. State, 46 Ala. 80; Garlick v. Dunn, 42 Ala. 404; Hale v. Kinnaird, 200 Ala. 596, 76 South. 954. Unavoidably then must be considered the insistence that the amendatory act referred to is unconstitutional and void in so far as it undertakes to provide that no causes shall be set or tried during the weeks mentioned for the reason that the title of that act gives no notice of the provision in question. The real title of the

amendatory act is section 16 of the original act, and, as heretofore held by this court, "an amendment by reference to the number of a section in an act must be confined to matters which are germane to, suggested by, and supplemental to, the subject of that section." Ex parte Cowert, 92 Ala. 94, 9 South. 225; Ferguson v. Commissioners' Court, 187 Ala. 645, 65 South. 1028. Section 16 is as follows:

"Civil cases requiring juries or witnesses need not be set for trial during Christmas week. Any judge shall, whenever he deems it necessary, call on the chief justice of the Supreme Court to assign one or more judges to relieve the judges who need assistance in clearing the dockets, civil and criminal."

In that title there is nothing to give notice of the provision of the amendatory act forbidding, in effect, the circuit court of Jefferson to try civil causes during the first, or preceding week, of the call of the Sixth division. It cannot be said, therefore, that the subject of the amendatory act is expressed in its title, as required by section 45 of the Constitution. It follows that, as to time, the trial court proceeded within the limits of its jurisdiction as fixed by the act of September 22, 1915. Acts, p. 707.

[5-7] Appellants argue certain assignments of error which go to the proposition that plaintiff's response to their demand for a bill of particulars was insufficient. We have been unable to see that the bill furnished to defendants did not fairly apprise them of the items upon which plaintiff insisted at the trial. Morrisette v. Wood, 128 Ala. 505, 30 South. 630. But the question is not here for decision. There is no bill of exceptions, and the bill of particulars did not become, strictly speaking, a component of the pleadings, though it was filed with the clerk and is set out in the transcript. Hayes v. Woods, 72 Ala. 92; Cicotte v. Wayne Co., 44 Mich. 173, 6 N. W. 236; Star Brewery v. Farnsworth, 172 Ill. 247, 50 N. E. 228. As pointed out in Cicotte v. Wayne Co., supra, the bill of particulars has the effect of a pleading in that the proof is restricted by it; but it has never been supposed that the service of a bill of particulars constituted an amendment of the pleadings or that an amendment of the bill operated to change the issues in a cause. Nor will the recital of an exception in the judgment entry avail anything. Exceptions must be shown by a bill of exceptions. Grand Bay Land Co. v. Simpson, 202 Ala. 606, 81 South. 548.

[8] This cause went to the jury on a number of the common counts, some of which sought to recover an item of $483; in others, the item of $17 was claimed. There was no error in overruling defendants' motion to strike the counts claiming the item of $17 as being below the jurisdiction of the circuit court, nor in overruling the demurrers to these counts on the same ground. That these counts may be joined is declared by the statute. Code, § 5328. Defendants have nothing to complain of in that plaintiff sought to recover both items in one suit. The amount of the verdict, being in excess of $50, is conclusive that there was no evasion of the limitation of the jurisdiction of the circuit court as to amount. Had the verdict been for $50 or less, defendants would have been protected against an abuse of the court's jurisdiction by the provisions of section 5355 of the Code.

[9] With respect to those rulings of the court by which demurrers to pleas 4 and 5 were sustained, we think it may be justly said that the pleas lacked certainty. They allege that plaintiff's said suit arose out of a certain undertaking by and between plaintiff and defendants whereby they were "to mutually prosecute the certain proceedings in bankruptcy therein mentioned," and, in effect, that plaintiff failed to perform his part of the contract. No such proceedings were mentioned in the complaint. But, however that may be, the pleas were clearly the equivalent of the general issue, which was pleaded, and no harm resulted from the rulings. In Martin v. Massie, 127 Ala. 504, 29 South. 31. cited by appellant defendants, the question was raised by the request for the general charge.

[10, 11] Plea 6 is open likewise to the criticism of uncertainty. But apart from that, while it is the general rule that the statute of frauds, to be availed of must be specially pleaded—to which effect many cases might be cited from our reports—yet, where the plaintiff declares on the common counts only, the rule of general observance is that the defendant cannot be required to anticipate that plaintiff will rely upon a collateral promise not in writing, but may avail himself of the protection of the statute under the general issue. 9 Ency. Pl. & Pr. 711; Boston Duck Co. v. Dewey, 6 Gray (Mass.) 446; Harris v. Frank, 81 Cal. 280, 22 Pac. 856, and other cases cited in the note. This was the rule at common law and seems to be a reasonable rule in the case hypothesized above; but we have found no decision of this court on the subject, and no conclusive adjudication is necessary at this time, for, conceding the necessity that the statute should be specially pleaded, the plea is bad for that it amounts to the statement of a conclusion only. It fails to disclose how or in what manner the debt in suit was the debt of another than defendant, or whose debt it was. It also fails to aver that the contract sued on was not evidenced by writing signed by defendant and expressing the consideration. Hunt v. Johnson, 96 Ala. 130, 11 South. 387. A plea of the statute of frauds should expressly aver that the contract in suit was

not in writing, else it will be presumed to be so. Ency. Pl. & Pr. ubi supra.

[12] Counts 1 and 2 were eliminated by the general charge. It is now of no consequence whether or not the court committed error in overruling the demurrers to these counts.

No error appearing, the judgment of the circuit court must be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE, THOMAS, and MILLER, JJ., concur.

McCLELLAN and GARDNER, JJ., concur specially.

McCLELLAN and GARDNER, JJ., do not construe the act of 1919, above referred to, as prohibiting the trial of this cause by agreement of the parties, and entertain the view that the judgment was not void, regardless of the constitutional question determined by the court, and that a consideration of such constitutional question is not reached. They therefore concur in the result.