197 So. 36

**ALLDREDGE et al. v. DUNLAP, Mayor, et al.**

**6 Div. 655.**

Supreme Court of Alabama.

June 27, 1940.

28

H. H. Kinney, of Cullman, and Melvin Hutson, of Decatur, for appellants.

St. John & St. John, of Cullman, for appellees.

GARDNER, Chief Justice.

By this proceeding the County of Cullman seeks to have invalidated as unconstitutional the local Act of September 13, 1939 (Gen. & Local Acts 1939, p. 256), providing for the payment by the County of Cullman to the City of Cullman the cost of certain pavement improvements abutting upon property of the county, which improvements were made, so the title of the act recites, at the instance of the county authorities, and for which costs the legislature thought (Sec. 1 of the Act) the county was morally bound.

It is first insisted that the subject matter of the Act is not clearly expressed in its title and of consequence Section 45 of the Constitution is violated. Lindsay v. United States Saving & Loan Association et al., 120 Ala 156, 24 So. 171, 42 L.R.A. 783. The argument is, in part, that the title says nothing concerning the issuance of a certificate of indebtedness by the county authority and a request that such certificate be paid. But this is but a detail, the title itself giving full notice that provision is to be made for the payment by the county of the cost of this street improvement. Our cases are uniform to the effect that the title need not be an index to the act; nor need it state a catalogue of all the powers intended to be bestowed. Jefferson County v. City of Birmingham, 235 Ala. 199, 178 So. 226. This case is also authority to the effect that the act in question does not violate Section 91 of the Constitution in any respect, and insistence to the contrary needs no further comment here.

We have often observed the plenary power of the legislature unless restrained by some limitation imposed by the State or Federal Constitutions. State v. Murphy, 237 Ala. 332, 186 So. 487, 121 A.L.R. 283. And we have recognized the right of the law making power to pay a moral claim based on equity and justice. Board of Revenue, etc. et al. v. Puckett, 227 Ala. 374; 149 So. 850.

In Cullman County v. Blount County, 160 Ala. 319, 49 So. 315, 18 Ann. Cas. 322, the Court had for consideration such a moral claim between two subdivisions of government, two counties, similar in principal to that here presented, and the local act there in question was fully sustained. That authority also answers the argument here pressed that the act is retroactive and deprives the county of vested rights, and in violation of Section 95 of the Constitution.

These contentions were repudiated in that case and the reasoning of the opinion is equally applicable here. Such constitutional inhibitions have no application to legislation of this character dealing with the moral obligations of one subordinate branch of the government to another. Cullman County v. Blount County, supra.

Much is said in argument upon the question of benefits to the county property with stress upon City of Huntsville v. Madison County, 166 Ala. 389, 52 So. 326, 139 Am.St.Rep. 45, and Section 223 of the Constitution. But that authority considered no local act and nothing therein stated militates against the conclusion here reached. Reference to the matter of benefit to the county as found in the act was but a reference to a criterion to guide the authorities in fixing the amount due. Here the city made out its prima facie case and the cause submitted for final decree with no effort upon the part of the county to counteract the prima facie case thus presented.

This is not a case of assessment of property for local improvement and

**30**

the fixation of a lien thereon, as under Section 223 of the Constitution. It is simply a case in which the legislature in the exercise of its plenary power recognizes the moral obligation of the county to the city and makes provision for its payment. Board of Revenue v. Puckett, supra; Cullman County v. Blount County, supra.

We have considered the objections to the act in the light of brief of counsel and the lucid and helpful opinion of the chancellor which accompanies his decree, and we find no justification for declaring the act invalid. The county having invoked the aid of a court of equity as to the declaration of its liability vel non under the act had a right to understand that the court would proceed according to its established rules (50 A.L.R. page 44) which authorizes an answer to be made a cross bill (Code 1923, Section 6550) and appropriate relief awarded thereunder. In the decree for the city against the county as prayed in the cross bill the court but followed the established rule in equity matters.

We find no error to reverse and the decree is accordingly affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.