24 So.2d 23

**A. BERTOLLA & SONS et al. v. STATE.**

**I Div. 228.**

Supreme Court of Alabama.

Dec. 6, 1945.

J. B. Blackburn, of Bay Minette, for appellants.

Wm. N. McQueen, Atty. Gen., and Chas. M. Cooper, Asst. Atty. Gen., for the State.

**LIVINGSTON, Justice.**

This suit was instituted by the State of Alabama against A. Bertolla and Sons, et al. to recover the sum of $1654.58, alleged to be due from defendants as shipping point inspection service fees for the inspection of Irish potatoes.

Demurrers to the complaint were interposed and overruled. Defendants entered pleas of the general issue and special plea 3. The State's demurrers to plea 3 were sustained, and the cause was tried by a jury on the general issue. The trial court, on written request, gave the general charge for the State and refused a like charge requested by defendants. There were verdict and judgment for plaintiff, and defendants appealed.

The several rulings of the trial court present for review, among others, the question of the constitutionality of an Act of the Legislature of Alabama of 1935, General Acts 1935, page 187. The Act purports to amend certain designated sections of Article 30 of the Agricultural Code of Alabama of 1927.

Appellants insist that the amendatory Act impinges sections 44 and 45 of the Constitution of Alabama of 1901.

Section 45 of the Constitution is as follows:

"The style of the laws of this State shall be: 'Be it enacted by the Legislature of Alabama,' which need not be repeated, but the act shall be divided into sections for convenience, according to substance; and the sections designated merely by figures. Each law shall contain but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred, shall be re-enacted and published at length."

The title of the questioned amendatory Act reads:

"To amend the Code of Laws for the State of Alabama, known as the 'Agricultural Code of Alabama' of 1927, adopted as the Code of Laws for the State of Alabama, prepared in accordance with the provisions of the Act approved February 18, 1927, (H. 273 Goode) by the Act of the Legislature approved August 24, 1927, and which pertains to Agriculture and Industries and relating subjects which are administered by, concern or relate to the duties of the Commissioner of Agriculture and Industries or the State Board of Agriculture as follows: Amending Sections 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, and 345 of Article Thirty pertaining to Markets Act; and to repeal all laws and parts of laws in conflict with this Act."

We are compelled to declare the amendatory Act of 1935 unconstitutional and void in its entirety. The subject of the Act is the amendment of the several Code sections set out in its title.

Section 340 as amended contains matter clearly not germane or cognate to section 340 of the Code, and cannot stand the test of section 45 of the Constitution. The striking down of section 340 as amended will carry the entire amendatory Act with it. Section 340 of the 1927 Agricultural Code reads:

"Appeal from Grade of Inspector.— Whenever any quantity of any agricultural product shall have been inspected hereunder and a question arises as to whether the certificate issued therefor shows the true grade, classification, quality or condition of such product, any interested person, subject to the regulations prescribed by the State Board of Agriculture, may appeal the question to him and he is authorized to cause such investigation to be made and such tests to be applied as he may deem necessary and to determine and issue a finding of the true grade or classification of the product or of the quality or condition thereof. Whenever an appeal shall be taken to the Commissioner under this Article, he shall charge and assess and collect, or cause to be collected, a reasonable fee, to be fixed by the State Board of Agriculture, which shall be refunded if the appeal is sustained."

As amended, section 340, reads:

Section 7. "That section 340 of Article Thirty of the 'Agricultural Code of Ala-

bama,' of 1927, be and the same is hereby amended so as to read as follows: Section 340. Marketing in Bulk or Ungraded.—The provisions of this Article shall apply only when agricultural products are sold in sacks, bags, crates, boxes, packages or other containers, and shall not prevent the sale of any such products in bulk. Provided, that for the purposes of this Article, The Board may adopt and promulgate reasonable rules and regulations, to be enforced by the Commissioner, fixing requirements as to the marking or labeling and terms used in the marketing of agricultural products when marketed in bulk or otherwise as uninspected, unclassified or ungraded agricultural products."

We have a long line of decisions' in this State holding that, "an amendment by reference to the number of a section in an act must be confined to matters which are germane to, suggested by, and supplemental to, the subject of that section." Wood & Pritchard v. McClure, 209 Ala. 523, 96 So. 577; Ex parte Cowert, 92 Ala. 94, 9 So. 225; Ferguson v. Commissioners' Court, 187 Ala. 645, 65 So. 1028; State, ex rel. Lister v. Hawkins, 229 Ala. 144, 155 So. 692; McCord, et al. v. Bridges, et al., 211 Ala. 295, 100 So. 469; State, ex rel. Troy v. Smith, 187 Ala. 411, 65 So. 942; Dodd, et al. v. Commissioners' Court of St. Clair County, et al., 203 Ala. 271, 82 So. 521; Ex parte Johnson, 203 Ala. 579, 84 So. 803; Smith v. Birmingham Realty Co., 208 Ala. 114, 94 So. 117; Kendrick v. State, 218 Ala. 277, 120 So. 142; McCoy v. Jefferson County, 232 Ala. 651, 169 So. 304; State v. Southern R., 115 Ala. 250, 22 So. 589.

Under the foregoing authorities no argument is necessary to demonstrate that section 340, as amended, is violative of section 45 of the Constitution. This is not to say that an entire chapter or article of the Code may not be amended by one act of the legislature when the title of the amendatory Act clearly expresses such a purpose—a matter not necessary to be here determined.

It is to be noted that the amendatory Act of 1935 contains no saving clause, that is to say, a clause providing that in the event a part of the Act is declared unconstitutional the remainder of the Act shall stand.

One of the tests used to determine whether an act is or is not severable, so that a portion may be rejected, is that it ought not to be held wholly void unless the invalid portion is so important to the general plan and operation of the law in its entirety as reasonably to lead to the conclusion that it would not have been adopted if the legislature had perceived the invalidity of the part so held to be unconstitutional. Where the valid and invalid parts are so bound together that the invalid part is a material inducement to the valid portion, the whole is invalid. Unon Bank & Trust Co. v. Blan, 229 Ala. 180, 165 So. 612, and cases cited; 6 Ruling Case Law page 125, section 123.

The provisions of section 340, as amended, are so important to the general plan and operation of the Markets Act in its entirety, that we are fully persuaded that had the Legislature perceived that section 340 would be declared unconstitutional it would not have passed the amendatory Act. Therefore, the entire Act must go down with section 340.

There is no question but that the State's entire case was based on the amendatory Act of 1935, and that defendants were entitled to the general charge.

The matters complained of in this suit arose before the adoption of the 1940 Code, and we are not to be understood as passing on the validity of the Markets Act, Article 25, sections 405 et seq., Title 2, Code of 1940.

Reversed and remanded.

All the Justices concur, except LAWSON, J., not sitting.