ROBERTSON, Judge.
This appeal follows a determination by the trial court that a sales tax ordinance enacted by the Coffee County Commission (Commission) was invalid.
In 1989, the Commission voted to impose a one-half percent sales tax for the purpose of financing the construction of a county jail. Plaintiffs then filed a petition for declaratory judgment in which they asserted that the Commission’s action was without lawful authority.
On January 3, 1990, the trial court entered its order on the request for declaratory judgment. First, the court noted that the following stipulations were entered by the parties: The Commission did enact a “privilege or license tax ordinance levying a tax against all business activities in the county, the amount to be determined by the application of rates against the gross sales or gross receipts”; and, no enabling act had been enacted by the legislature that would authorize the tax. Then, the court determined that “the Commission had no authority to enact the sales tax ordinance in question.”
It is from this determination that the Commission appeals.
Initially, we note that this case is an appeal from a decision involving a legislative body. However, because it has been transferred to this court by the supreme court, we now consider it. Branch v. Greene County Board of Education, 533 So.2d 248 (Ala.Civ.App.1988).
In Newton v. City of Tuscaloosa, 251 Ala. 209, 36 So.2d 487 (1948), the supreme court held:
“Counties have no inherent power of taxation. They are agencies or subdivisions of the State, created by law for the more efficient administration of government, and the authority of the county to tax is one derived from the legislature....”
The Commission asserts that pursuant to §§ 11-14-10 through -17, Code 1975, it is authorized to levy the sales tax and is expressly charged with the duty of having the jail constructed.
We have examined each of these statutes and note some of the language relied on by the Commission. In § 11-14-10, Code 1975, the Commission is specifically directed to erect jails and, further, is given the authority to levy a “special tax” for that purpose.
Likewise, § 11-14-14, Code 1975, directs that “if there is not a sufficient jail in its county, [the Commission is] to levy a county tax for the erection thereof and cause proposals to be issued for building or repairing the same within twelve months thereafter.”
The Commission also relies heavily on the language found in § 11-14-15, Code 1975, which establishes criminal liability on the part of the Commission’s members if they fail to so erect a jail. The Commission maintains that this establishes a mandatory directive from the legislature and authorizes the imposition of a sales tax.
Although we agree with the Commission’s position that the legislature has delegated to the Commission the duty to construct jails and has given it the corresponding authority to levy a tax for that purpose, we fail to find any legislative authority for the proposition that the tax may be in the form of a sales tax.
Specifically, we note that § 11-14-11, Code 1975, provides as follows:
“The county commission may levy and collect such special taxes as it may deem necessary, not to exceed one fourth of one percent per annum, for the purpose of paying any debt or liability against any county incurred for the erection, con *985 struction or maintenance of the ... public buildings_” (Emphasis added.)
Further, the Ala. Const., Art XI, § 215 (amended 1962), which is referred to in § 11-14-11, Code 1975, is that section of our constitution that sets out the limits of ad valorem taxes. Thus, although we find that Title 11, Code 1975, authorizes the Commission to levy “special taxes” for the purpose of constructing a county jail, we must also find that the “special tax” so authorized is an ad valorem tax, not a sales tax.
Accordingly, the judgment of the trial court is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.