Lee Boyd was indicted for felony driving under the influence of alcohol in violation of § 32-5A-191(h), Ala. Code 1975. Two of the three prior convictions relied upon by the State to indict Boyd were more than five years old. Boyd filed a motion to dismiss the indictment, arguing that Act No. 97-556, 1997 Ala. Acts 985, unconstitutionally removed the phrase "within a five-year period" from § 32-5A-191(h). The circuit court found that Act No. 97-556 does not violate Ala. Const. 1901, §45. Therefore, the court denied Boyd's motion to dismiss, and he pled guilty, reserving the right to appeal the denial of his motion. On appeal, the Court of Criminal Appeals affirmed the circuit court. Boyd petitioned this Court for certiorari review. We granted his petition.
Boyd argues that the title of Act No. 97-556 begins with a general statement that the proposed purpose of the act is to make certain amendments to § 32-5A-191. The Act then expressly indexes four particular amendments to the statute dealing with the collection and disbursement of fines. The title does not mention the elimination of the five-year limitation period contained within § 32-5A-191(g) and (h). Boyd argues that because the title does not state a general purpose of amending § 32-5A-191, but instead lists particular proposed amendments to § 32-5A-191, the inclusion, within the body of the act, of changes regarding the elimination of the five year limitation period, violates § 45 of the Constitution.
Section 45 states:
 "The style of the laws of this state shall be: `Be it enacted by the legislature of Alabama,' which need not be repeated, but the act shall be divided into sections for convenience, according to substance, and the sections designated merely by figures. Each law shall contain but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes; and no law shall be *Page 1094 
revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred, shall be re-enacted and published at length."
(Emphasis added.)
In Bagby Elevator Electric Co. v. McBride, this Court stated the purpose of the provision:
 "`The object of the constitutional provision has been held to be three fold, first, to fairly apprise the people, through such publication of legislative proceedings as is usually made, of the subjects of legislation that are being considered, and in order that they may have the opportunity of being heard thereon, by petition or otherwise, if they shall so desire; second, truly to inform members of the legislature who are to vote upon the bill, what the subject of it is so that they may not perform that duty, deceived or ignorant of what they are doing; and third, to prevent the practice of embracing in one bill several distinct matters, none of which, perhaps could singly obtain the assent of the legislature, and then procuring its passage by a combination of the minorities in favor of each of the measures, into a majority that will adopt them all. Lindsay v. United States Savings Loan Ass'n, 120 Ala. 156, 24 So. 171, 42 L.R.A. 783; Walker v. Griffith, 60 Ala. 361.'"
292 Ala. 191, 194, 291 So.2d 306, 308 (1974) (quoting State v. Hester,260 Ala. 566, 72 So.2d 61 (1954)). See also Knight v. West AlabamaEnvtl. Improvement Auth., 287 Ala. 15, 246 So.2d 903 (1971); Opinion ofthe Justices No. 215, 294 Ala. 555, 319 So.2d 682 (1975).
When deciding whether an act violates § 45, this Court
 "`is committed to the principle that this requirement as to clear expression of the subject of a bill in the title is not to be exactingly enforced in such a manner and to cripple legislation, or is it to be enforced with hypercritical exactness, but is to be accorded a liberal interpretation.'"
Knight, 287 Ala. at 22, 246 So.2d at 908, quoting Opinion of theJustices No. 174, 275 Ala. 254, 257, 154 So.2d 12, 15 (1963).
It is well established that this Court should be very reluctant to hold any act unconstitutional.
 "Another guiding principle of particular importance is that courts seek to sustain, not strike down, the enactments of a coordinate department of government. Every legislative act is presumed to be constitutional and every intendment is in favor of its validity."
Wilkins v. Woolf, 281 Ala. 693, 697, 208 So.2d 74, 78 (1968) (overruled on other grounds, Tanner v. Tuscaloosa County Comm'n, 594 So.2d 1207
(Ala. 1992)).
The title to the Act sub judice states:
"AN ACT
 "To amend Section 32-5A-191 of the Code of Alabama 1975, as last amended by Act No. 96-705, S. 182, 1996 Regular Session, relating to driving under the influence of alcohol and drugs and fines on convictions therefor, to further provide for the $100 fine for distribution to the Impaired Drivers Trust Fund, after administrative costs; to further provide for the collection and distribution process of certain funds to the Impaired Drivers Trust Fund presently specified in Section 32-5A-191.1 and to repeal Section 32-5A-191.1, Code of Alabama 1975, relating to the fines designated for *Page 1095 
the Impaired Drivers Trust Fund; and to provide for a delayed effective date."
The body of Act No. 97-556 states:
"Be It Enacted by the Legislature of Alabama:
 "Section 1. Section 32-5A-191 of the code of Alabama 1975, as amended by Act No. 96-705, S. 182 of the 1996 Regular Session, is amended to read as follows:
"`§ 32-5A-191.
 "`(a) A person shall not drive or be in actual physical control of any vehicle while:
 "`(1) There is 0.08 percent or more by weight of alcohol in his or her blood;
"`(2) Under the influence of alcohol;
 "`(3) Under the influence of a controlled substance to a degree which renders him or her incapable of safely driving;
 "`(4) Under the combined influence of alcohol and a controlled substance to a degree which renders him or her incapable of safely driving; or
 "`(5) Under the influence of any substance which impairs the mental or physical faculties of such person to a degree which renders him or her incapable of safely driving.
 "`(b) A person who is under the age of 21 years shall not drive or be in actual physical control of any vehicle if there is .02 percentage or more by weight of alcohol in his or her blood. The Department of Public Safety shall suspend or revoke the driver's license of any person, including, but not limited to, a juvenile, child, or youthful offender, convicted or adjudicated of, or subjected to a finding of delinquency based on this subsection. Notwithstanding the foregoing, upon the first violation of this subsection by a person whose blood alcohol level is between .02 and .08, the person's driver's license or driving privilege shall be suspended for a period of 30 days in lieu of any penalties provided in subsection (e) of this section and there shall be no disclosure, other than to courts and law enforcement agencies, by any entity or person of any information, documents, or records relating to the person's arrest, conviction, or adjudication of or finding of delinquency based on this subsection.
 "`All persons, except as otherwise provided in this subsection for a first offense, including, but not limited to, a juvenile, child, or youthful offender, convicted or adjudicated of, or subjected to a finding of delinquency based on this subsection shall be fined pursuant to this section, notwithstanding any other law to the contrary.
 "`(c) A school bus or day care driver shall not drive or be in actual physical control of any vehicle while in performance of his or her duties if there is greater than .02 percentage by weight of alcohol in his or her blood. A person convicted pursuant to this subsection shall be subject to the penalties provided by this section except that on the first conviction the Director of Public Safety shall suspend the driving privilege or driver's license for a period of one year.
 "`(d) The fact that any person charged with violating this section is or has been legally entitled to use alcohol or a controlled substance shall not constitute a defense against any charge of violating this section.
 "`(e) Upon first conviction, a person violating this section shall be punished by imprisonment in the county or municipal jail for not more than one year, or by fine of not less than six hundred dollars ($600) nor more than two thousand one hundred dollars ($2,100), or by both a fine and imprisonment. In addition, *Page 1096 
on a first conviction, the Director of Public Safety shall suspend the driving privilege or driver's license of the person convicted for a period of 90 days.
 "`(f) On a second conviction within a five-year period, a person convicted of violating this section shall be punished by a fine of not less than one thousand one hundred dollars ($1,100) nor more than five thousand one hundred dollars ($5,100) and by imprisonment, which may include hard labor in the county or municipal jail for not more than one year. The sentence shall include a mandatory sentence, which is not subject to suspension or probation, of imprisonment in the county or municipal jail for not less than 48 consecutive hours or community service for not less than 20 days. In addition the Director of Public Safety shall revoke the driving privileges or driver's license of the person convicted for a period of one year.
 "`(g) On a third conviction, a person convicted of violating this section shall be punished by a fine of not less than two thousand one hundred dollars ($2,100) nor more than ten thousand one hundred dollars ($10,100) and by imprisonment, which may include hard labor, in the county or municipal jail for not less than 60 days nor more than one year, to include a minimum of 60 days which shall be served in the county or municipal jail and cannot be probated or suspended. In addition, the Director of Public Safety shall revoke the driving privilege or driver's license of the person convicted for a period of three years.
 "`(h) On a fourth or subsequent conviction, a person convicted of violating this section shall be guilty of a Class C felony and punished by a fine of not less than four thousand one hundred dollars ($4,100) nor more than ten thousand one hundred dollars ($10,100) and by imprisonment of not less than one year and one day nor more than 10 years. Any term of imprisonment may include hard labor for the county or state, and where imprisonment does not exceed three years confinement may be in the county jail. Where imprisonment does not exceed one year and one day, confinement shall be in the county jail. The minimum sentence shall include a term of imprisonment for at least one year and one day which may be suspended or probated, but only if the defendant enrolls and successfully completes a state certified chemical dependency program recommended by the court referral officer and approved by the sentencing court. Where probation is granted, the sentencing court may, in its discretion, and where monitoring equipment is available, place the defendant on house arrest under electronic surveillance during the probationary term. In addition to the other penalties authorized, the Director of Public Safety shall revoke the driving privilege or driver's license of the person convicted for a period of five years.
 "`Any law to the contrary notwithstanding, the Alabama habitual felony offender law shall not apply to a conviction of a felony pursuant to this subsection, and a conviction of a felony pursuant to this subsection shall not be a felony conviction for purposes of the enhancement of punishment pursuant to Alabama's habitual felony offender law.
 "`(i) In addition to the penalties provided herein, any person convicted of violating this section shall be referred to the court referral officer for evaluation and referral to appropriate community resources. The defend-ant shall, at a minimum, be required to complete a DUI or substance abuse court referral program approved by the Administrative Office of Courts and operated in *Page 1097 
accordance with provisions of the Mandatory Treatment Act of 1990, Sections 12-23-1 to 12-23-19, inclusive. The Department of Public Safety shall not reissue a driver's license to a person convicted under this section without receiving proof that the defendant has successfully completed the required program.
 "`(j) Neither reckless driving nor any other traffic infraction is a lesser included offense under a charge of driving under the influence of alcohol or of a controlled substance.
 "`(k) Except for fines collected for violations of this section charged pursuant to a municipal ordinance, fines collected for violations of this section shall be deposited to the State General Fund; however, beginning October 1, 1995, of any amount collected over two hundred fifty dollars ($250) for a first conviction, over five hundred dollars ($500) for a second conviction within five years, over one thousand dollars ($1,000) for a third conviction within five years, and over two thousand dollars ($2,000) for a fourth or subsequent conviction within five years, the first one hundred dollars ($100) of that additional amount shall be deposited to the Alabama Chemical Testing Training and Equipment Trust Fund, after three percent of the one hundred dollars ($100) is deducted for administrative costs, and beginning October 1, 1997, and thereafter, the second one hundred dollars ($100) of that additional amount shall be deposited in the Impaired Drivers Trust Fund after deducting five percent of the one hundred dollars ($100) for administrative costs and the remainder of the funds shall be deposited to the State General Fund. Fines collected for violations of this section charged pursuant to a municipal ordinance shall be deposited as follows: the first three hundred fifty dollars ($350) collected for a first conviction, the first six hundred dollars ($600) collected for a second conviction within five years, the first one thousand one hundred dollars ($1,100) collected for a third conviction, and the first two thousand one hundred dollars ($2,100) collected for a fourth or subsequent conviction shall be deposited to the the [sic] State Treasury with the first one hundred dollars ($100) collected for each conviction credited to the Alabama Chemical Testing Training and Equipment Trust Fund and the second one hundred dollars ($100) to the Impaired Drivers Trust Fund after deducting five percent of the one hundred dollars ($100) for administrative costs, and the balance credited to the State General Fund. Any amounts collected over these amounts shall be deposited as otherwise provided by law.
 "`(l) A person who has been arrested for violating this section shall not be released from jail under bond or otherwise, until there is less than the same percent by weight of alcohol in his or her blood as specified in subsection (a)(1) or, in the case of a person who is under the age of 21 years, subsection (b) hereof.
 "`(m) Upon verification that a defendant arrested pursuant to this section is currently on probation from another court of this state as a result of a conviction for any criminal offense, the prosecutor shall provide written or oral notification of the defendant's subsequent arrest and pending prosecution to the court in which the prior conviction occurred.'
 "Section 2. Section 32-5A-191.1, Code of Alabama 1975, is repealed.
 "Section 3. This act shall become effective October 1, 1997." *Page 1098 
Prior to the legislature's passage of Act No. 97-556, § 32-5A-191(g) and (h) read as follows:
 "(g) On a third conviction within a five year period, a person convicted of violating this Section shall be punished by a fine not less than two thousand one hundred dollars ($2,100) and no more than ten thousand one hundred dollars ($10,100) and by imprisonment which may include hard labor in the county or municipal jail for not less than 60 days and no more than one year. . . .
 "(h) On a fourth or subsequent conviction within a five year period, a person convicted of violating this section shall be guilty of a Class C Felony and punished by a fine of not less than four thousand one hundred dollars ($4,100) nor more than ten thousand one hundred dollars ($10,100) and by imprisonment of not less than one year and one day nor more than 10 years. . . ."
(Emphasis added.)
Boyd could not have been convicted of a felony under that earlier version of § 32-5A-191(h).
Boyd argues that the broad pronouncement in the title that the Act seeks to amend § 32-5A-191 followed by the description of specific amendments is misleading, and that the title fails to apprise the average legislator of amendments to any subsection of § 32-5A-191 other than the changes regarding the collection and distribution of fines. However, this Court has repeatedly held:
 "All understand the principle that a Code section may be amended without violating section 45, by an act entitled `An Act to Amend' that Code section, provided the amendatory matter is germane to the subject matter of that Code section or some part of it."
Department of Indus. Relations v. West Boylston Mfg. Co., 253 Ala. 67,75, 42 So.2d 787, 793 (1949) (citing McCoy v. Jefferson County,232 Ala. 651, 169 So. 304 (1936); State v. Davis, 130 Ala. 148, 30 So. 344, 89 Am. St. Rep. 23 (1901); Board of Revenue v. Jansen, 224 Ala. 240,139 So. 358 (1932); Ferguson v. Commissioners' Court, 187 Ala. 645,65 So. 1028 (1914); A. Bertolla Sons v. State, 247 Ala. 269, 24 So.2d 23
(1945); Wood Pritchard v. McClure, 209 Ala. 523, 96 So. 577 (1923);Dunn Constr. Co. v. State Bd. of Adjustment, 234 Ala. 372, 175 So. 383
(1937); Davis v. City of Tuscumbia, 236 Ala. 552, 183 So. 657 (1938);Smith v. Birmingham Realty Co., 208 Ala. 114, 94 So. 117 (1922);Ballenger Constr. Co. v. State Bd. of Adjustment, 234 Ala. 377, 175 So. 387
(1937); Rogers v. Garlington, 234 Ala. 13, 173 So. 372, (1937)).
Also, this Court has held that such a title, followed by an act setting out the section amended, satisfies the purposes of § 45.
 "Without question a Code Section may be amended under a title naming the Section amended, followed by an Act setting out the Section as amended.
 "But the subject matter of such amendment must be germane or supplemental to that of the original section, so that the legislators and inquiring public may reasonably anticipate and look into the proposed change. Matter wholly foreign to the original section, is violative of Section 45, and to that extent the amended Section inoperative."
Davis v. City of Tuscumbia, 236 Ala. at 555, 183 So. at 659.
The title to Act No. 97-556 clearly states an intent to amend §32-5A-191. The text of the Act does not deviate from that intent, but simply sets out § 32-5A-191 as amended. The subject matter of the amendment is indisputably germane to the *Page 1099 
subject matter of that section. The use of the phrase "to further provide" does not limit the purpose of the act; instead, it alerts the reader of the title to additional changes in the provisions of the section. Therefore, we find that the title is not misleading, and that the portions of Act No. 97-556 that struck "within five years" from § 32-5A-191(g) and (h) are valid.
The trial court did not err in rejecting Boyd's constitutional argument and denying his motion to dismiss the indictment. Therefore, we affirm.
AFFIRMED.
Moore, C.J., and Houston, See, Lyons, Brown, Harwood, and Stuart, JJ., concur.