MURDOCK, Justice
(concurring specially).
The amended petition before us quotes from the February 9, 2015, order of Judge Granade in the case of Searcy v. Strange (Ms. 14-0208, S.D.Ala., Jan. 23, 2015), stating that her injunction in that case “enjoined ,., [the] Attorney General for the State of Alabama” and those under his supervision and that, because the petitioner was not a party to that case, his actions or inactions did not constitute a “failure] to comply with th[at] order.” The petitioner asks this Court for guidance with respect to the issue of the constitutionality of the various statutes enacted by the Alabama Legislature providing for the governmental licensing and recognition of what are referred to in those statutes as “marriages,” see Ala.Code 1975, §§ 30-1-3 through -19. Inherent in the petitioner’s request for guidance, particularly given the facts alleged in the petition, is whether, under the terms of those statutes, particularly § 30-1-9, a probate judge has an affirmative obligation to issue marriage licenses at all, and whether, under the principles articulated in such cases as Newton v. City of Tuscaloosa, 251 Ala. 209, 36 So.2d 487 (1948), and City of Birmingham v. Smith, 507 So.2d 1312 (Ala.1987), and considering the meaning of the term “marriage” intended by the Legislature in those statutes, they may be deemed to survive, or must be stricken as wholly void, if they are not to be applied solely to a union between a man and a woman.[1] These are substantial questions. These questions, however, are not before us in an adversary proceeding or in the context of a request for an advisory opinion by the Governor or *585 the Legislature. Nor has there been a showing that these questions are properly before us on some other basis. I therefore concur in the order of this Court.

. "The act ‘ought not to be wholly void unless the invalid portion is so important to the general plan and operation of the law in its entirety as reasonably to lead to the conclusion that it would not have been adopted if the legislature had perceived the invalidity of the part so held to be unconstitutional' ” 251 Ala. at 217, 36 So.2d at 493 (quoting A, Bertolla & Sons v. State, 247 Ala. 269, 271, 24 So.2d 23, 25 (1945)). "The test is .., wheth *585 er the legislature would have passed the statute without the [unconstitutional aspect in-eluded therein].” 507 So.2d at 1317.