[The State v. Patterson.]

# The State *v.* Patterson.

## *Violating Stock Law.*

(Decided April 5th, 1906.  42 So. Rep. 19.)

1. *Animals; Running at Large; Criminal Prosecution; Indictment; Sufficiency.*—An indictment which charged that defendant "unlawfully" permitted hogs to run at large in certain designated territory, was sufficient under an act prohibiting one from "knowingly" permitting animals to run at large in such territory.

2. *Same.*—Acts 1896-97, p. 648, prohibits animals from running at large in certain designated territory; Acts 1900-01, p. 774 amended said first act enlarging the territorial area to the entire county; Held, that an indictment charging that defendant unlawfully allowed hogs to run at large in territory in Madison county in which hogs are prohibited from running at large, without describing the territory is good, even if it be conceded that the amendatory act is unconstitutional, since its unconstitutionality could not affect the validity of the original act, and proof of a running at large in the prohibited territory under original act would warrant a conviction.

3. *Constitutional Law; Amendment of Statutes; Setting Forth Provision as Amended.*—An act amending another, which sets out in the body the amendment in full, need not, under Sec. 2, Art. 4, Const. 1875, set out or recite the old law as it stood before the amendment.

4. *Same; Subjects and Titles; Crimes.*—An act whose title recites that it is an act to amend Sec. 1 of an act to prevent hogs running at large in "Madison County," is not rendered unconstitutional because in its body it appears to be an act to amend Sec. 1 of an act to prevent hogs from running in certain portions of Madison County, in that its subject is not clearly expressed in its title.

APPEAL from Madison County Court.

Heard before Hon. W. T. LAWLER.

The indictment against the defendant was in the following language:  The grand jury of said county charge that before the finding of this indictment, A. T. Patterson, whose christian name is to the grand jury otherwise unknown, unlawfully allowed hogs to run at large in a district or territory in Madison county, Alabama, in which by law hogs are prohibited from running at large, against the peace and dignity of the state of Alabama. The defendant filed six demurrers, the second and sixth

[The State v. Patterson.]

grounds of which were sustained. These grounds were as follows: 2nd. Said indictment charges no offense under the laws of Alabama, local or general. 6th. Said indictment charges no offense under the laws of Alabama in this, that there is no valid constitutional law forbidding hogs from running at large in Madison county; and from the judgment sustaining these demurrers, the state brings this appeal.

D. C. ALMON, Solicitor of the 8th Judicial Circuit, COOPER & FOSTER, and LANIER & PRIDE, for appellant.—The effect of sustaining the two grounds of demurrers was to assail the constitutionality of the statute prohibiting the running at large of stock in Madison county. From such a judgment, an appeal lies by the state.—§ 4315, code 1896. The act of Feb. 16th (Local Acts 1890-91, p. 774) prohibits stock from running at large in certain portions of Madison county. By the amendatory act of Feb. 9th, 1897, (Local Acts 1896-7, p. 648) this territory was extended. The effect of the sustaining of the demurrer is to hold both of said acts unconstitutional, admitting for the sake of argument that the amendatory acts are unconstitutional, unless it is shown that the original act is unconstitutional, the court below erred in sustaining the two grounds of demurrer. Under the well recognized construction that all statutes are presumed to be constitutional until the contrary is shown, we are unable to see why the action of the court below was not error.—*Edwards v. Williamson*, 70 Ala. 144.

S. S. PLEASANTS, for appellee.—The sustaining of ground 2nd of the demurrer did not have the effect of declaring the act unconstitutional, and the state was not entitled to an appeal under § 4315. Under the statute for Madison county, the indictment did not charge any offense in that it did not describe the territory in Madison county in which hogs are permitted to run at large. Under the judgment in this case, the only question that can be presented is the constitutionality of the act approved Feb. 9 1897.—*State v. Bannerman*, 72 Ala. 352. The act approved Feb. 9th, 1897, has for its title an act to amend section 1 of an act to prevent hogs from running

9

at large in Madison county, Alabama. The act proposed to be amended made it unlawful for hogs to run at large in certain portions of Madison county, and the amendatory act does not re-enact and public at length the provisions of section 1 of the original act. This renders it unconstitutional.—§ 2, Art. 4, Const. 1875; *Bates v. State,* 118 Ala. 102; *Street v. Hooten, et al.* 131 Ala. 492; *Stewart v. Commissioner,* 82 Ala. 209. The object of this constitutional provision is to prevent deception by the inclusion in a bill of matters incongruous with the title.—*State v. Sayre,* 118 Ala. 1; *Ex parte Thomas,* 113 Ala. 1.

TYSON, J.—This appeal is prosecuted by the solicitor in behalf of the state from a judgment rendered by the trial court sustaining one assignment of a demurrer to the indictment upon the ground that the statutes prescribing the offense for which the indictment was preferred is unconstitutional. That such was the ruling of the court, resulting in the quashing of the indictment and the discharge of the defendant, clearly appears from the judgment entry. The statute allowing the appeal is in this language: "In all criminal cases when the act of the legislature under which the indictment or information is preferred, is held to be unconstitutional, the solicitor may take an appeal in behalf of the state to the supreme court which appeal shall be certified as other appeals in criminal cases," etc. But it is insisted that there was another ground of the demurrer also sustained by the court to the indictment, which is good, independent of any constitutional question. From this it is argued that the motion to dismiss the appeal should be granted. Without committing ourselves to the soundness of this contention, it must fail, for the reason that the ground of demurrer, which is general, is not well taken unless the statutes under which the indictment is preferred are unconstitutional. The objection urged assails the sufficiency of the allegations of the indictment upon the ground that it charges no offense, in that it does not charge the defendant with knowingly allowing his hogs to run at large, and does not describe the territory within which

[The State v. Patterson.]

the hogs were permitted to run.  It is true the statutes (Acts 1890-91, p. 744; Acts 1896-97, p. 648; Acts 1900-01, p. 923) do prescribe and limit the territorial area in Madison county within which the owners of hogs are prohibited from knowingly allowing them to run at large and punish the offense, when committed, by fine.  In other words, under these statutes, the essential ingredient of the offense is that the owner of the hogs must not knowingly allow them to run at large in the territory named in the statutes, and undoubtedly to sustain a conviction this would have to be proven.  The indictment charges that defendant "unlawfully allowed hogs to run at large in a district or territory in Madison county, Ala., in which by law hogs are prohibited from running at large," and is clearly not objectionable on the grounds urged.  For if he did not knowingly allow his hogs to run at large in violation of the statutes, as alleged, the allegation that he unlawfully did so would not be proven.  On the other hand, if he knowingly permitted it, his act in doing so would be unlawful.  The motion to dismiss the appeal is denied.

No attack is made upon the constitutionality of the act approved February 16, 1891 (Acts 1890-91, p. 774), and indeed none could successfully be.  And it might be conceded for the purpose of the case that the act of February 9, 1897 (Acts 1896-97, p. 648), which is amendatory of it, is subject to the constitutional objections urged against it, and yet the indictment would not be subject to the ground of demurrer sustained by the court.  For clearly if the latter act is void because unconstitutional, this does not affect the validity of the former, and proof of the offense alleged in the indictment would entitle the state to a conviction under it.  While we recognize the rule that prevails in this court never to determine a constitutional question unless necessary to a decision of the cause in hand, yet, in view of the fact that the indictment is sufficient to put the defendant upon trial and the testimony may establish that he knowingly allowed his hogs to run at large within the prohibited territorial area defined by the acts of 1897 and 1901, we deem it advisable to pass upon the constitutional objec-

tions taken to the act of 1897. The first is that it is violative of § 2 of Art. 4 of the constitution of 1875 which provides, among other things, that "no law shall be revised, amended or the provisions thereof extended or conferred by reference to its title only; but so much thereof as is revised, amended, extended or conferred shall be re-enacted and published." The title of the act is "to amend section one of an act to prevent hogs from running at large in Madison county, approved February 16, 1891." The body of the act sets out the amendment made in full and at length, but does not set out or recite the old law as it stood before the amendment. This is not necessary. The objection, which seems to rest on this point, is without merit.—*Montgomery v. State*, 107 Ala. 372, 18 South. 157.

The next objection urged is that it is violative of the same constitutional provision which requires that "each law shall contain but one subject which shall be clearly expressed in its title." It is argued that according to the title it is an act to amend section 1 of an act to prevent hogs from running at large "in Madison county," whereas the body of the section reads: "That section one of an act to prevent hogs from running at large in certain porton of Madison county be amended," etc.; therefore, the title is deceptive in that a legislator hearing the title read would conclude that there was already in force an act forbidding hogs to run at large in the entire county, whereas, in fact, the former act applied only to certain parts of the county. We think this is too narrow and technical. It must be assumed that a legislator, called upon to pass this act, knew the extent of the operation of the former. And certainly there is nothing in the title to mislead him to conclude that he was voting for a bill covering the same or less area than that defined in the act of 1891. He was put upon notice that the bill might enlarge the territorial area even to the extent of including that of the entire county, which was done.

Reversed and remanded.

WEAKLEY, C. J., and SIMPSON and ANDERSON, JJ., concur.