18 So.2d 470

**ALABAMA FINANCE CO. v. ROBINSON.**

**7 Div. 774.**

Court of Appeals of Alabama.

June 13, 1944.

A. B. Cunningham, of Gadsden, and Bradshaw & Barnett, of Florence, for appellant.

Roy D. McCord, of Gadsden, for appellee.

BRICKEN, Presiding Judge.

This case originated in a justice court of Etowah County, where the appellee obtained a judgment against appellant for $31.10. An appeal was taken to the circuit court of Etowah County, where the case was submitted on an agreed statement of facts. To wit:

"It is agreed between the parties to this suit, that this case shall be tried upon the agreed statement of facts, and that the following statement of fact shall constitute all of the evidence to be submitted to the court upon which judgment shall be based, to-wit:

"The defendants are engaged, and were engaged in the business of money brokers or lenders, during the years 1940, 1941 and 1942 in Gadsden, Etowah County, Alabama, and that during said period, the plaintiff borrowed at various times small amounts of money from the defendants, upon which she paid interest in excess of the legal rate, in the sum of $31.10; that said interest was voluntarily paid by the plaintiff to the defendants; that the various loans made by the defendants to the plaintiff were each in an amount less than $75.00. The defendant had not complied with the provisions of the Local Act of 1901 during the times covered by this suit.

"Plaintiff relies for her recovery upon the provisions of the Local Act of the Legislature of 1901 applying to Jefferson, Walker and Etowah Counties, and found in the Acts of 1901 [1900–01] at pages 2685, 2686, and 2687 and 2688.

"The defendants plead in short by consent:

"(a) The general issue.

"(b) Voluntarily paid.

"(c) The repeal of Local Act of 1901, especially by a general Act of the Legislature of 1927, being Act number 268, and found at pages 264, 265, 267 and 268 of the General Acts of Alabama 1927."

By an Act approved March 9, 1901, the Legislature undertook to regulate the business of money brokers and persons who lend money in Jefferson, Morgan. Walker and Etowah Counties. Acts of 1900–01, pp. 2685–2688. It seems to be conceded that if this Act is still in force and effect in Etowah County the case was correctly decided in the court below, but if the 1901 Act has been repealed the appellants were entitled to a judgment.

By Act 268 approved August 11, 1927, it is specifically provided as follows: "Section 19. That the Act entitled 'An Act to regulate the business of money brokers and persons who lend money for themselves or others on bill of sale, notes or mortgages on personal property or other personal security, in Jefferson, Morgan, Walker, and Etowah Counties' approved March 9th, 1901, be and the same hereby is repealed."

Act No. 268, above referred to, is a different Act from Act No. 282 on page 270 of the Acts of 1927, and approved on the same day. This latter Act was construed in State ex rel. Embry v. Bynum, 243 Ala. 138, 9 So.2d 134, wherein it was held that Act No. 282, did not repeal the 1901 Act above referred to. In this case we deal with an entirely different situation. Act No. 268 contains an expressed repeal of the 1901 Act which we have set out above.

The sole question presented for consideration was whether or not Section 19 of Act 268 is constitutional. We understand that the court below ruled that Section 19 was not within the title of the Act and violated Section 45 of the Constitution of Alabama, which provides, that each Act shall contain but one subject which shall be clearly expressed in its title. The subject of Act No. 268 is to license and regulate the business of making loans in sums of $100 or less in all counties of this State having a population of two hundred thousand or more according to the last or any subsequent Federal census. This Act deals with a special kind of a designated business, namely, loans of $100 or less in a prescribed territory.

The legislators were put on notice by the title of the Act, of an intention to repeal inconsistent laws heretofore enacted. We take it the language employed was intended to inform the legislators of an intent to repeal all inconsistent laws previously enacted, whether they were general, special or local.

The repeal of inconsistent legislation is not a subject independent of the subject of making loans in sums of $100 or less. The repeal of inconsistent laws is related to or germane to that subject. We, therefore, hold that the repealer provision in the title and body of the Act is valid and in no way offended Section 45 of the Constitution of Alabama. State v. Patterson, 146 Ala. 128, 42 So. 19; Lovejoy v. City of Montgomery, 180 Ala. 473, 61 So. 597.

The judgment appealed from is reversed and one is here rendered in favor of the appellant.

Reversed and rendered.