-41 So.2d 758

### In re OPINION OF THE JUSTICES.
### No. 103.

Supreme Court of Alabama.
July 13, 1949.

Opinion of the Justices of the Supreme Court in response to questions propounded by the Senate under Code 1940, Tit. 13, § 34, as to the validity of a proposed substitute for House Bill No. 232, amending Code 1940, Tit. 29, §§ 246, 251.

Questions answered in accordance with opinion.

526

Senate Resolution No. 47
By Mr. Coleman

**To** request an advisory opinion of the Justices of the Supreme Court of Alabama relative to the constitutionality of the Senate Committee's Substitute for House Bill 232

Whereas House Bill 232, a copy of which is attached hereto, proposes to amend Section 251 of Title 29 of the Code of Alabama 1940, and

Whereas the Senate's Finance and Taxation Committee has recommended the adoption of a substitute for House Bill 232 which proposes to amend Sections 246 and 251 of Title 29 of the Code of Alabama (1940), copies of said substitute being attached hereto, and

Whereas an important constitutional question has arisen as to whether the Senate Committee's Substitute for House Bill 232 violates Section 45 or 61 of the Constitution of Alabama, therefore
Be It Resolved By The Senate:

1. The Justices of the Supreme Court are respectively requested to give their written opinion on the following question: "Does the Senate Committee's Substitute for House Bill 232 violate the provisions of either Section 45 or 61 of the Constitution of Alabama?"

I hereby certify the above Resolution was adopted by the Senate of Alabama, July 12, 1949.

(Signed)  J. E. Speight
Secretary of the Senate

A Bill
To Be Entitled
An Act

To amend Section 251 of Title 29 of the 1940 Code of Alabama (as amended by Act No. 126 of the General Acts of 1947, page 126 [38], approved July 17, 1947), which relates to the distribution and disposition of funds derived from the sale of contraband or forfeited property under the Alcoholic Beverage Control Law.

Be It Enacted By The Legislature Of Alabama:

Section 1.  Section 251 of Title 29 of the 1940 Code of Alabama (as amended by

Act No. 126 of the General Acts of 1947, page 126 [38], approved July 17, 1947) is amended to read: The proceeds of the sale of any property forfeited to the State, whether sold by court decree or by an officer under advertisement, shall, after paying all expenses in the cause, and of advertisement, as the case may be, including the costs of seizure and of keeping the property pending the proceedings, be applied as follows: one fourth of the amount shall be paid to the officer making the seizure and furnishing the proof, but, if proof be furnished by a person other than the officer making the seizure, one-eighth of the proceeds shall go to the furnisher of the proof and one-eighth shall go to the officer making the seizure and assisting in the condemnation case or who makes the sale under advertisement; one-half shall be paid into the general fund of the county in which the property is seized; provided, however, where such property is seized by an officer of a municipality said one-half shall be paid into the general fund of the municipality instead of the general fund of the county; and one-fourth shall be paid into the treasury of the State as a law enforcement fund to be used and applied for the enforcement of State laws under the supervision and control of the Governor.

Senate Committee Substitute for House Bill 232

A Bill
To Be Entitled
An Act

To amend Sections 246 and 251 of Title 29 of the Code of Alabama (1940), which relate to the distribution of the proceeds of sales of contraband property.

Be It Enacted By The Legislature Of Alabama:

Section 1.  Sections 246 and 251 of Title 29 of the Code of Alabama (1940) are amended to read as follows:

"Section 246.  The property may be ordered sold and the proceeds, after paying the costs and expenses of the seizure and of the suit and after paying out of the proceeds the sum of fifty ($50.00) dollars to the sheriff or officer or other person who secured the seizure and whose efforts re-

:sulted in obtaining the decree of condemnation, shall be paid into the state general fund.

"Section 251. The proceeds of the sale of any such property forfeited to the state, whether sold by court decree or by an officer under advertisement, shall, after paying all expenses in the cause, and of advertisement, as the case may be, including the costs of seizure and of keeping the property pending the proceedings, be applied as follows: One-half shall be paid into the general fund of the county in which the property is seized, and the other one-half shall be paid into the general fund of the state; but provided however, that when such property shall be seized by an officer of a municipality one-half thereof shall be paid into the General Fund of the municipality, one-quarter thereof shall be paid into the General Fund of the County, and the other one-quarter shall be paid into the State General Fund."

Section 2. This Act shall become effective October 1, 1949.

To the Senate of the State of Alabama
State Capitol
Montgomery, Alabama

Dear Sirs:

Your communication of July 12, 1949, containing inquiries under Senate Resolution No. 47 on constitutional matters relating to the Senate Committee's substitute for House Bill 232 is hereby acknowledged and will be hereto attached.

 . We consider the bill proposed as a substitute for House Bill 232 is not in violation of either section 45 or section 61 of the Constitution of Alabama. Examination of section 246, Title 29, Code of 1940 and section 251, Title 29, Code of 1940, as approved July 17, 1947 (Acts 1947, p. 38) and shown in Pocket Part of Title 29, Code of 1940, discloses that these sections are dealing with the distribution and disposition of the proceeds of the sale of contraband property. In considering section 45 of the Constitution of 1901 we have said that a code section may be amended by reference only to the number of the section, providing the amendment is germane to the section which is being amended. State ex rel. Harrington v. Randle, 250 Ala. 472, 35 So.

2d 84. Here the proposed amendments are not only germane, but the title so discloses because it shows that the proposed amendments relate to the distribution of the proceeds of the sale of contraband property.

In connection with section 61 of the Constitution of 1901, it has been decided by this court that the original purpose of the bill within the meaning of this section is its general purpose not mere details through which its purpose is effectuated. State Docks Commission v. State, 227 Ala. 521, 150 So. 537. As pointed out the general purpose of both the original bill and the proposed amendment is the same, viz. to provide for the distribution of the proceeds of sales of contraband property. Opinion of the Justices, 249 Ala. 500, 31 So. 2d 644.

Respectfully Submitted,
JOEL B. BROWN
J. ED LIVINGSTON
THOMAS S. LAWSON
DAVIS F. STAKELY
Associate Justices.