43 So.2d 640

HOLCOMBE, Sheriff, v. PIERCE.

I Div. 394.

Supreme Court of Alabama.

Dec. 22, 1949.

174

Outlaw, Seale & Kilborn, Mobile, for appellee.

A. A. Carmichael, Atty. Gen., and M. Roland Nachman, Jr., Asst. Atty. Gen., for appellant.

FOSTER, Justice.

This case comes to us on appeal from a final declaratory judgment of the Circuit Court, in Equity, of Mobile County, wherein that court held that Act No. 199 of the Legislature of 1949, approved July 8, 1949, is unconstitutional insofar as it undertakes to amend section 201, Title 15 of the 1940 Code of Alabama.

The particular ground upon which this result was reached is that it violates section 45 of the Constitution, for that such amendment was not germane to the subject matter of section 201, supra, as the same appears in the Code. The particular matter added to section 201 by the amendment is the following:

"Provided however that each person, engaged in the business of making bonds and charging therefor, except corporations qualified to do a bonding business in this State, shall in addition to all other requirements of this section, be required as a part of the qualifications of bail to furnish bond with a corporate surety authorized to act as surety on bonds in this State in the amount of ten thousand dollars to be approved by the probate judge of the county in which such person is to engage in the business of so making bonds, said bond to be conditioned to guarantee the payment of all sums of money that may be due to the State of Alabama or any political subdivision thereof by virtue of any judgment absolute being rendered against said person or persons as surety on said bond or bonds."

The title to the Act is "To amend Chapter 9, Title 15, Code of Alabama 1940, relating to bail." That chapter contains six articles extending from section 185 to 218, inclusive. The Act No. 199 undertakes to rewrite and re-enact that whole chapter. Each section in that chapter is included in the enactment.

The only changes made in the law as it appears in the Code are the amendment to section 201 by adding the provision which we have copied and by adding article 4-A consisting of four sections from 207 to 210, inclusive. Sections 207 to 210, supra, as they appear in the Code are brought forward in the Act as sections 211, 212, 213 and 214 without change in them.

By the addition of the four sections under article 4-A, the last four sections of Chapter 9 were renumbered by the Act No. 199 so that they are sections 219, 220, 221 and 222, inclusive. Therefore under the amendment, Chapter 9 of Title 15 has four sections numbered from 219 to 222, inclusive, and Chapter 10 of Title 15 likewise has four sections numbered from 219 to 222, inclusive.

The only substantial amendment to chapter 9 by the Act in question is the addition of the new matter to section 201, supra, and the addition of the four sections under article 4-A, thus adding other new matter under the four section numbers which in the Code had referred to different matter but which was retained in chapter 9 under sections numbered from 211 to 214, inclusive.

The trial court in its decree did not determine the effect of the Act to the extent that it thereby gives the same numbers to different sections of the Code, so that sections 219 to 222, inclusive, of Title 15, thereby have two applications, one being in chapter 9 and the other in chapter 10. The court based its ruling entirely upon the proposition that the feature added to section 201, supra, was not germane to section 201 as that section appears in the Code of 1940, upon the theory that section 201 as it appears in the Code provides for the *qualifications* of the bondsmen who execute bail. Whereas the court found that the additions to section 201 by Act No. 199 do not relate to the *qualifications* of the bail bondsmen but to the *conditions upon which such bail bondsmen* may do that sort of business, and therefore that such additions are not germane to the qualifications of the bondsmen, to which alone section 201, supra, had application. That is dependent upon the theory

that the title of the Act in question was as if it were to amend section 201 of Title 15 of the Code.

But such is not the title of the Act. The title is "To amend chapter 9, Title 15, Code of Alabama 1940 relating to bail." So that the question is primarily not whether the matter added to section 201 is germane to section 201 but whether it is germane to chapter 9 of Title 15 relating to bail. The rule in that respect was stated at an early period in the judicial history of Alabama that "when the subject is expressed in general terms, everything which is necessary to make a complete enactment in regard to it, or which results in a complement of the thought contained in the general expression, is included in, and authorized by it." Opinion of the Justices, 249 Ala. 511, 31 So.2d 721; Norton v. Lusk, 248 Ala. 110, 26 So.2d 849; Johnson v. Robinson, 238 Ala. 568, 192 So. 412; Jefferson County v. City of Birmingham, 235 Ala. 199, 178 So. 226.

Of course we recognize the principle that when the title of an act is to amend a certain Code section the amendment must be germane to the subject matter of the Code section as it is then set up. Bertolla & Sons v. State, 247 Ala. 269, 24 So.2d 23, 24.

In the Bertolla case, supra, a large number of authorities are cited to support that conclusion. In that case the title of the Act in question was, in short, "To amend the Code of Laws for the State of Alabama, known as the 'Agricultural Code of Alabama' of 1927 * * *, as follows: Amending Sections 334, 335, 336, 337, 338, 339, 340, 341, 342, 343 and 345 of Article Thirty pertaining to Markets Act". It will be seen that the title was to amend certain sections including section 340, and the question was whether the amendment violated section 45 of the Constitution because it was not germane to section 340. The Court was very clear that the added matter was not germane to section 340 and struck it down on that account, but observed: "This is not to say that an entire chapter or article of the Code may not be amended by

one act of the legislature when the title of the amendatory Act clearly expresses such a purpose—a matter not necessary to be here determined."

We think that had it been necessary to determine the question this Court would have held then, as we do now, that an amendment may be made to any section of the chapter by the addition of any matter which is germane to the subject of the chapter whether it is germane to the particular section to which it is added or not, when the title is to amend the chapter.

However, we do not agree with the opinion of the trial court that the added matter is not germane to section 201 of Title 15 for the reasons stated in the opinion of the trial court or for any other reason which has been urged. We think the distinction is too fine to have practical application to say that the added matter is a condition on which the bondsmen may do business and is not also a qualification of such bondsmen to do that business. We think that a bondsman is not qualified to do business when he has not complied with the conditions upon which he is authorized by law to engage in that business.

An elector is not qualified to vote until he complies with the conditions required of him necessary to the exercise of that right, such as registration and payment of poll taxes. Tacker v. Board of Commissioners, 126 Fla. 15, 170 So. 458; Frost v. State ex rel. Clements, 153 Ala. 654, 45 So. 203; Shepherd v. Sartain, 185 Ala. 439, 64 So. 57; Davis v. Teague, 220 Ala. 309, 125 So. 51; Mitchell v. Kinney, 242 Ala. 196(5), 5 So.2d 788; Finklea v. Farish, 160 Ala. 230, 49 So. 366; State ex rel. Porter v. Crook, 126 Ala. 600, 28 So. 745. See, also, Breedlove v. Suttles, 302 U. S. 277, 58 S.Ct. 205, 82 L.Ed. 252.

Appellee also contends that the entire Act in question (No. 199) should be stricken because of the addition to it of new matter in the four sections under article 4-A numbered 207 to 210, inclusive. Those sections as amended make provision for the deposit by a defendant of the sum of mon-

ey fixed by the court in lieu of a bail bond. The contention is that the new matter is not germane to sections 207 to 210, inclusive, as they appear in the Code.

Of course, it is true that in chapter 9 there was no provision of law for a cash deposit to be made in lieu of bail, nor other legal authority to do so. Mitchell v. City of Dothan, 249 Ala. 253, 30 So.2d 737.

However, we have shown above in this opinion that it is not necessary for an amendment as provided for in this Act under its title to be germane to the section of the Code as amended, provided it is germane to the general subject of chapter 9 relating to bail. Although sections 207 to 210, inclusive, as amended, entirely rewrite those sections and cause them to relate to matter which was not germane to those sections as they appear in the Code, the Act to that extent is not violative of section 45, supra, under the broad terms of its title. Certainly it cannot be said that provision for making a cash deposit for bail does not relate to the subject of bail treated in chapter 9.

We have heretofore pointed out in this opinion that section numbers 219 to 222, inclusive, have been added to chapter 9 covering subject matter which was already included therein under sections 215, 216, 217 and 218, inclusive, giving those statutes new section numbers. So that by virtue of the amendment the Code would appear to have sections numbered 219 to 222, inclusive, both in chapter 9 and chapter 10. But numbering those sections in the Code is only a way of identifying them for convenient reference (see section 45, Constitution), and although there may be such duplication of numbers, as above indicated, it would not have the effect of striking down the amendatory act. The new numbered sections could be cited by reference to the Act No. 199, supra, or by the chapter of the Code as well as by the title and the old numbered sections likewise so designated. While it creates an awkward situation, we do not find it to be one which is prohibited by the Constitution and, therefore, we cannot strike down the Act on that account. State ex rel. Collman v. Pitts, 160 Ala. 133(5), 140, 49 So. 449; 50 Am.Jur. 133, section 156.

It is also contended by appellee, as set forth in his original bill and in the agreed statement of facts, that he should not be required to execute a corporate bond according to the provisions of the amendment to section 201, supra. This for the reason that bonding companies have uniformly declined to execute such a bond for appellee except upon the condition that appellee shall deposit with such company $10,-000.00 cash to secure and indemnify it against loss by reason thereof. Appellee does not allege that there has been any discrimination against him by the bonding companies qualified to make such a bond for him.

The agreed statement of facts, upon which this case was tried, states no more than what the bill alleges in this respect. They both allege that appellee was able and willing to post such a bond with private individuals as sureties, conditioned as required by the amendatory act, but the probate judge declined to accept the bond so conditioned by reason of the provisions of that Act.

Appellee argues that the principle declared by this Court in the case of City of Mobile v. Farrell, 229 Ala. 582, 158 So. 539, should prevail so as to authorize him in complying with section 201, as amended, to post a bond with good and sufficient personal sureties.

In the Farrell case, supra, the suit was by the City of Mobile to enjoin a taxicab operator from engaging in business in the city without compliance with its ordinance requiring such a person to post a bond with corporate surety. The defendant set up the fact that the bonding companies doing business there had conspired against him and refused to make a bond for him, although they did make such a bond for another company intending thereby to give that company the sole right to operate, and that they were arbitrarily discriminating against him. We held in that case that the Court had no power to change the terms of the ordinance so as to authorize a personal instead of a corporate surety. But

178

that in view of the discrimination against this person without good reason for doing so, if he would execute a good and sufficient bond with personal surety, we would not grant the city an injunction against him.

We have an altogether different situation here. In the first place, there is no discrimination against the appellee alleged in the bill or in the agreed statement of facts, and the city is not undertaking to enforce an ordinance against one of its citizens in respect to a matter as to which he is unable by reason of an arbitrary discrimination to comply with.

Appellee himself brought this controversy into a court of equity and is in effect asking to have the court amend the State law. As we said in the Farrell case, supra, we have no authority to do that.

The foregoing discussion has stated our views in answer to the arguments made on behalf of appellee to sustain the declaratory judgment of the trial court, although that court did not consider all of the questions which we have discussed for the reason that in their view it did not become necessary, but they are involved in the pleadings, agreed statement of facts and argument of counsel and, therefore, we have expressed our views with respect to them.

The result is that we cannot agree with the trial court that the Act of the Legislature amending chapter 9 of Title 15 of the Code of 1940, to which we have referred, is violative of any constitutional provision which has been brought to our attention on this appeal. It is therefore necessary for us to reverse the judgment of the trial court and render a decree here declaring that the Act of the Legislature referred to is not violative of section 45 of the Alabama Constitution, nor the due process or equal protection clauses of the Fourteenth Amendment to the Federal Constitution.

Reversed and rendered.

BROWN, LIVINGSTON, LAWSON, SIMPSON and STAKELY, JJ., concur.