53 So.2d 583

## OPINION OF THE JUSTICES.
### No. 121.

Supreme Court of Alabama.
June 20, 1951.

To the Senate of Alabama
State Capitol
Montgomery, Alabama
Dear Sirs:

We are in receipt of Senate Resolution #9, adopted by the Senate of Alabama on May 11, 1951, which is as follows:

"Be it resolved by the Senate of Alabama, That the Justices of the Supreme Court of Alabama, or a majority of them, are hereby respectfully requested to give this body their written opinions concerning the following important constitutional questions relative to S.B. 108, a carbon copy of which is attached hereto and made a part hereof by reference.

"1. Does the proposed law contain more than one subject in violation of Section 45 of the Constitution?

"2. Is the subject of the proposed law clearly expressed in the title as required by Section 45 of the Constitution?

"3. Does the proposed law contain two subjects in violation of Section 45 of the Constitution in that it seeks to amend certain Code sections in Section 1 and a repeal of other Code sections in Section 2?

"4. Is the revision of four articles of Chapter 13, Title 7, Code of Alabama (1940), in the manner proposed by said bill violative of Section 45 of the Constitution?"

We are of the opinion that your questions 1, 3, and 4 must be answered in the negative. Question 2 is answered in the affirmative.

Section 45 of the Constitution provides in pertinent parts as follows: "* * * Each law shall contain but one subject, which shall be clearly expressed in its title, * * * and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred, shall be re-enacted and published at length."

The title of S.B. 108 reads: *"To revise Articles 1, 2, 3 and 4 of Chapter 13 of Title 7 of the Code of Alabama (1940), which relate to exemptions from levy and sale under process, claim and contest of exemptions, exemptions from administration and the payment of debts and setting apart exemptions to the widow and minor children,* by amending Sections 625, 652, 653, 654, 656, 661, 662, 672, 673, 674, 683, 685, 686, 687, 689, 691, 692, 693, 697 and 705 and by repealing Sections 663, 688, 690 and 702." (Italics ours.)

In Holcombe v. Pierce, 253 Ala. 173, 43 So.2d 640, 642, we had under consideration an Act the title to which read: "To amend Chapter 9, Title 15, Code of Alabama 1940 relating to Bail." That Act undertook to rewrite and re-enact that whole chapter. Each section in that chapter was included in the enactment. The trial court held that the Act was violative of § 45 in so far as it undertook to amend § 201, Chapter 9, Title 15 of the Code of 1940, for that such amendment was not germane to the subject matter of § 201, supra, as the same appeared in the Code. We disagreed with the trial court. Recognition was given to the well-established principle that when the title of an act is to amend a certain Code section, the amendment must be germane to the subject matter of the Code section as it is then set up. But we held, in effect, that such rule had no application when the title of the act is to amend the chapter, saying "that an amendment may be made to any section of the chapter by the addition of any matter which is germane to the subject of the chapter whether it is germane to the particular section to which it is added or not, when the title is to amend the chapter." 253 Ala. 176, 43 So.2d 642.

But the title of the bill here under consideration is not to amend a chapter. The bill does not purport to rewrite and re-enact all the sections of Chapter 13, Title 7, nor all the sections of any of the four articles of Chapter 13, Title 7, to which the title refers. That part of the title which we have italicized is merely descriptive of the general subject matter of the sections of the Code which the title indicates are to be amended or repealed. The title of the bill here under consideration is not unlike the title of the act considered by us in the case of A. Bertolla & Sons v. State, 247 Ala. 269, 24 So.2d 23, 24 which read: "To amend the Code of Laws for the State of Alabama, known as the 'Agricultural Code of Alabama' of 1927, adopted as the Code of Laws for the State of Alabama, prepared in accordance with the provisions of the Act approved February 18, 1927, (H. 273 Goode) by the Act of the Legislature approved August 24, 1927, and which pertains to Agriculture and Industries and relating subjects which are administered by, concern or relate to the duties of the Commissioner of Agriculture and Industries or the State Board of Agriculture as follows: Amending Sections 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, and 345 of Article Thirty pertaining to Markets Act; and to repeal all laws and parts of laws in conflict with this Act." We held that the subject of the act was the amendment of the several Code sections set out in its title

and held applicable the rule that an amendment by reference to the number of a section of an act or Code must be confined to matters which are germane to, suggested by, and supplemental to the subject of that section. We further held that § 340, as amended, contained matter clearly not germane or cognate to § 340 of the Code and, therefore, could not stand the test of § 45 of the Constitution.

We must treat the title of the bill here under consideration as indicating merely a purpose to amend those sections of the Code enumerated and to repeal the sections specified. Hence, each of the proposed amendatory provisions must be germane to the subject of the section of the Code which it proposes to amend. A. Bertolla & Sons v. State, supra.

Examination of the Code sections proposed to be amended shows that each of them relates to the subject of homestead exemptions and, in our opinion, the subject of each of the proposed amendatory provisions is germane to the subject of the section of the Code which it proposes to amend.

The fact that the sections to be amended were not set out in full, followed by the proposed amendment, is not important. It is sufficient to set out the law as amended. Bray v. State, 140 Ala. 172, 37 So. 250; Lewis v. State, 123 Ala. 84, 26 So. 516; Bates v. State, 118 Ala. 102, 24 So. 448.

It is not material that more than one Code section is sought to be amended. Montgomery v. State, 107 Ala. 372, 18 So. 157; In re Opinions of the Justices, 252 Ala. 525, 41 So.2d 758. As before pointed out, all sections proposed to be amended relate to the same subject, homestead exemptions.

The provisions of §§ 663, 688, 690, and 702, Title 7, Code 1940, proposed to be repealed by § 2 of the bill here under consideration, are inconsistent with the provisions of some of the sections as amended in § 1 of this bill. The repeal of inconsistent laws is not an independent subject. We hold that the repealer provision in the title and body of the bill is valid and in no way offends § 45 of the Constitution. Alabama Finance Co. v. Robinson, 31 Ala.App. 454, 18 So.2d 470; Ex parte Maginnis, 162 Cal. 200, 121 P. 723; Stewart v. Brady, 300 Ill. 425, 133 N.E. 310; Louisiana Greyhound Club v. Clancy, 167 La. 784, 120 So. 295; Id., 167 La. 511, 119 So. 532; Stephens v. Jones, 24 S.D. 97, 123 N.W. 705; 59 Corpus Juris 803, § 383.

Respectfully submitted,

J. ED LIVINGSTON

Chief Justice

JOEL B. BROWN
ARTHUR B. FOSTER
THOMAS S. LAWSON
ROBERT T. SIMPSON
DAVIS F. STAKELY

Associate Justices.