*537 The Honorable George C. Wallace
Governor of Alabama
State Capitol
Montgomery, Alabama 36130
Dear Sir:
We acknowledge receipt of yours of 8 August 1978 that reads in pertinent part:
“The Honorable Chief Justice and
Associate Justices of the
Supreme Court of Alabama
Judicial Building
Montgomery, Alabama 36130
“Dear Sirs and Madam:
“An important constitutional question has arisen concerning Senate Bill No. 1, passed by the Senate and House of Representatives at the 1978 Second Special Session of the Legislature of Alabama (‘the Act’). The Act authorizes the Alabama Public School and College Authority (‘the Authority’) to sell and issue $220,325,000 principal amount of its limited obligation revenue bonds (‘the Bonds’) to finance the construction, reconstruction, alteration and improvement of public school buildings for the senior colleges and universities, junior colleges and vocational trade schools, and the public secondary and elementary schools of the State.
“By the terms of Section 125 of the Constitution of Alabama of 1901,1 am required to approve the Act within ten days after the adjournment of the Legislature in order that the Act may become a law. In addition, by the terms of Section 16 — 16-6 of the Code of Alabama of 1975 [codified from Section 6 of Act No. 243 enacted at the 1965 First Special Session of the Legislature of Alabama], I, as Governor, am a member and the president of the Authority. I am required, by both the Act and by Section 16-16-9 of the Code of Alabama of 1975, to execute the Bonds in the name and on behalf of the Authority and to approve the terms and conditions under which the Bonds are to be issued. The purpose of this letter is to request you, pursuant to the provisions of Section 12-2-10 of the Code of Alabama of 1975, to furnish me with your written opinions on the constitutional question presented in this request, so that I might be appropriately guided in taking the actions required of me by the aforesaid constitutional provision and legislation.
“Constitutional question presented. Your written opinions on the following important constitutional question is respectfully requested:
“Does the Act violate the requirement of Section 61 of the Constitution of Alabama of 1901 that ‘no bill shall be so altered or amended on its passage through either house as to change its original purpose’?

“Respectfully submitted,
“/s/ George C. Wallace Governor”
The answer to the sole question propounded by your request is in the negative.
In reaching an opinion whether § 61 has been violated, the Justices must refer to the journals of both houses of the Legislature. Alabama State Bridge Corp. v. Smith, 217 Ala. 311, 116 So. 695 (1928).
From the journals of the House of Representatives and the Senate for the 1978 Second Special Session of the Legislature of Alabama, the following facts concerning the passage of Senate Bill No. 1 appear:
Senate Bill No. 1 was introduced on the First Legislative Day of the Special Session, was read at length for the first time, and was referred to committee. The bill as introduced authorized the financing of capital improvements to the State’s school systems through direct appropriation out of *538 the Alabama Special Educational Trust Fund. The bill was reported out of committee and received a second reading in the Senate on the Second Legislative Day. The bill received a third reading at length and was passed by the Senate on the Third Legislative Day.
Senate Bill No. 1 was transmitted to the House of Representatives on the Third Legislative Day, read at length for the first time and referred to committee. The House Ways and Means Committee adopted a substitute for Senate Bill No. 1 (in which form the bill was finally passed and presented to the Governor) and the substitute bill was reported out of committee and received a second reading in the House on the Fourth Legislative Day. As thus amended, the bill was read a third time at length and passed by the House of Representatives on the Fifth Legislative Day. The bill was sent to the Senate on that day and the Senate concurred in the substitute proposed by the House of Representatives.
Section 61 provides that “no bill shall be so altered or amended on its passage through either house as to change its original purpose.” The “purpose” of a bill within this section is its general purpose, not mere details through which its purpose is manifested and effectuated. State Docks Commission v. State ex rel Jones, 227 Ala. 521, 150 So. 537 (1933).
The general purpose of Senate Bill No. 1 was to provide monies “for capital improvements for public educational purposes, including libraries, laboratories and facilities for athletics, recreation and physical education, and research facilities, including the acquisition of land, for colleges and universities, vocational-technical institutes, junior colleges, elementary-secondary school systems and special schools . . . .” In the resulting Act a stated general purpose is identical.
Between Senate Bill No. 1 and the resulting Act the resulting alteration is the method of financing the expenditures to be used in accomplishing the purpose. Senate Bill No. 1 employed a direct appropriation of “two hundred fifty million dollars ($250,-000,000) from the Alabama Special Educational Trust Fund, over a designated period.” The resulting Act altered this financing method to provide for a bond issue of “two hundred and twenty million three hundred and twenty-five thousand [dollars] ($220,325,000) aggregate principal amount” by the Alabama Public School and College Authority. We are of the opinion that the resulting Act differs from Senate Bill No. 1 only in the method of effectuating its purpose which remained unchanged from the original bill.
Consequently, it is our opinion that the constitutional prohibition of § 61 has not been violated in that the Bill in question has not been so altered or amended on its passage as to change its original purpose. Opinion of the Justices, 335 So.2d 373 (Ala.1976); State ex rel Adams v. McLellan, 202 Ala. 41, 79 So. 379 (1918).
Respectfully submitted,
C. C. TORBERT, Jr. Chief Justice
JAMES N. BLOODWORTH
HUGH MADDOX
RENEAU P. ALMON
JANIE L. SHORES
ERIC EMBRY
Justices.