*188 Members of the Senate
State Capitol
Montgomery, Alabama
Dear Senators:
The Honorable McDowell Lee, Secretary of the Senate, forwarded to the members of the Alabama Supreme Court the following Senate Resolution No. 71 and the Bill attached:
BE IT RESOLVED BY THE SENATE OF THE LEGISLATURE OF ALABAMA, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court, or a majority of them, to give this body their written opinions on the following important constitutional questions which have arisen concerning the pending bill, S.B. 320, as substituted and amended, a copy of which is attached to this resolution and made a part hereof by reference:
1. Does Section 1 of S.B. 320, as substituted and amended, contain more than one subject and as a result conflict with Article IV, Section 45 of the Constitution of Alabama of 1901?
2. Does Section 1 of S.B. 320, as substituted and amended, change the original purpose of the original S.B. 320 and as a result conflict with Article IV, Section 61 of the Constitution of Alabama of 1901?
RESOLVED FURTHER, That the Secretary of the Senate is hereby directed to send sufficient copies of the pending S.B. 320 with the Substitute and Amendment to the Clerk of the Supreme Court of Alabama, and to transmit the request to the Justices of the Supreme Court forthwith upon adoption of this Resolution. Subs for S.B. 320
Proctor
SYNOPSIS: This bill provides further for the funds for cost-of-living increases for teachers and state employees, and for certain other Medicaid emergencies.
A BILL
TO BE ENTITLED
AN ACT
To provide further for the funds to pay the cost-of-living increase for certain education personnel as authorized under Act No. 79-540, adopted at the 1979 Regular Session and for state employees and officials authorized under Act No. 79-724, adopted at the 1979 Regular Session, and for Medicaid'emergency use and to appropriate the estimated ending balance in the Alabama Special Educational Trust Fund provided for in Section 1 of Act No. 79 — 540, adopted at the 1979 Regular Session.
BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
Section 1. It is the intention of the legislature to make available the sum of $11,447,537 provided as unappropriated ending balance in Act 79-540 to be used and is hereby appropriated for' payment of the cost-of-living increase for the fiscal year ending September 30, 1980, in accordance with the provision of Act No. 79-540. It is further the intention of the legislature and hereby appropriated to the extent necessary as authorized by Act No. 79-724 from the General Fund of Alabama or from any departmental budgets from which state employees are paid such amounts as are necessary for state *189 employee pay increases as authorized by Act No. 79-724 of the 1979 Regular Session.
Section 2. For the purpose of providing funds for emergency payment to Medicaid through the fiscal year ending September 30,1980, the legislature authorizes and hereby appropriates from such reserves as may accrue from the General Fund of the state of Alabama and from such reserves as may exceed the amounts required by law for the state Insurance Fund, such amounts as are available and as may be determined by the Governor to be necessary for the operation of Medicaid through September 30, 1980. In the event that the available balances in the General Fund of Alabama and the state Insurance Fund should be insufficient, the Governor shall have the power to use and there is hereby appropriated other state funds including any Trust funds except those which had a zero balance on September 30, 1979, for the purpose of fully funding Medicaid through September 30,1980, up to the sum of $28 million.
Section 3. All laws or parts of laws which conflict with this Act are hereby repealed.
Section 4. The provisions of this Act are severable. If any part of the Act is declared invalid or unconstitutional, such declaration shall not affect the part which remains.
Section 5. This Act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.
The answer to question # 1 is in the affirmative.
The answer to question # 2 is in the affirmative.
In reaching an opinion on whether substitute for S.B. 320 violates § 45 or § 61 of the Constitution, the Justices have referred to the Journals of the Alabama State Senate. Alabama State Bridge Corporation v. Smith, 217 Ala. 311, 116 So. 695 (1928). From the Journals of the Alabama Senate, which were furnished to the Court by the Honorable McDowell Lee, Secretary of the Senate, some of the following facts concerning S.B. 320 appear:
Senate Bill 320 was introduced on the fifth legislative day and was referred to the Finance and Taxation Committee. The Finance and Taxation Committee favorably reported a Finance and Taxation Committee substitute for S.B. 320, with amendment. The Finance and Taxation Committee substitute for S.B. 320, as amended, received its second reading in the Senate. On the ninth legislative day, the Proctor substitute for S.B. 320, the subject of your advisory request, was introduced.
The title to S.B. 320, as originally introduced, reads as follows:
“To transfer funds from the state insurance fund to the credit of the state general fund to be used only for medicaid purposes; and to further provide for the transfer back of said funds from the state general fund to the state insurance fund by the state finance director with approval of the Governor.”
The title to the Finance and Taxation Committee Amendment to substitute for S.B. 320 reads as follows:
“To transfer funds from the state insurance fund to the credit of the state general fund to be used only for medicaid and investigation of welfare fraud purposes; and to further provide for the transfer back of said funds from the state general fund to the state insurance fund and the attorney general’s office by the state finance director with approval of the Governor.”
The title to the Proctor substitute for S.B. 320 reads as follows:
“To provide further for the funds to pay the cost-of-living increase for certain education personnel as authorized under Act No. 79-540, adopted at the 1979 Regular Session and for state employees and officials authorized under Act No. 79-724, adopted at the 1979 Regular Session, and for Medicaid emergency use and to appropriate the estimated ending balance in the Alabama Special Educational Trust Fund provided for in Section 1 of Act No. 79-540, adopted at the 1979 Regular Session.”
*190 The purpose of S.B. 320, as originally introduced, was to transfer funds from the state insurance fund to be earmarked for medicaid purposes. As originally introduced, S.B. 320 was not an appropriation bill, but merely earmarked money to be expended on due appropriation. Nachman v. State Tax Commission, 233 Ala. 628, 173 So. 25 (1937).
The Finance and Taxation substitute for S.B. 320 did not, in our opinion, change the original purpose of S.B. 320. The Finance and Taxation Committee substitute for S.B. 320 did add an additional earmarking provision to provide that the transferred funds could be used for “. . . investigation of welfare fraud . . but we think that the Finance and Taxation Committee substitute was sufficiently germane and cognate to the original purpose of S.B. 320 and that the Finance and Taxation Committee substitute does not violate § 61 of the Constitution. As six justices opined in Opinion of Justices, 361 So.2d 536, 538 (Ala.1978):
“Section 61 provides that ‘no bill shall be so altered or amended on its passage through either house as to change its original purpose.’ The ‘purpose’ of a bill within this section is its general purpose, not mere details through which its purpose is manifested and effectuated. State Docks Commission v. State ex rel. Jones, 227 Ala. 521, 150 So. 537 (1933).”
The Proctor substitute for the Finance and Taxation Committee substitute for S.B. 320, however, presents a serious constitutional question. It not only changed the purpose of original S.B. 320, but also changed the nature of the bill from one earmarking funds to be expended on appropriation into one which actually makes an appropriation. In fact, the title to the Proctor substitute states that its purpose is to provide funds to pay cost-of-living increases, previously authorized by law, for certain education personnel and for state employees and officials. The Proctor substitute also would appropriate “from such reserves as may accrue from the General Fund of the state of Alabama and from such reserves as may exceed the amounts required by law for the state Insurance Fund, such amounts as are available and as may be determined by the Governor to be necessary for the operation of Medicaid through September 30, 1980 . . .,” and “. . . other state funds including any trust funds except those which had a zero balance on September 30, 1979 . . .,” yet, there is nothing in the title which suggests that the “insurance fund” and “other state funds including any trust funds” might be affected.
It is apparent that the Proctor substitute for- S.B. 320 changed the general purpose of S.B. 320 from one which had as its general purpose the transfer of certain state funds to the General Fund to meet specified needs to one which appropriated certain funds, without mentioning those funds in the title. Cf. Alabama Education Association v. Board of Trustees of University of Alabama, 374 So.2d 258 (Ala.1979). The Proctor substitute for S.B. 320, therefore, would violate both Sections 45 and 61 of the Constitution of Alabama.
Although you did not request our opinion on whether the Proctor substitute to S.B. 320 would violate Section 71 of the Constitution, we respectfully call Section*71 of the Constitution to your attention, especially in view of the fact that the Proctor substitute appropriates state funds.
Respectfully Submitted,
C. C. TORBERT, Jr., Chief Justice
HUGH MADDOX
JAMES H. FAULKNER
RENEAU P. ALMON
JANIE L. SHORES
T. ERIC EMBRY
SAM A. BEATTY
Associate Justices