*528 Members of the Senate
State Capitol
Montgomery, Alabama
Dear Sirs:
The Honorable McDowell Lee, Secretary of the Senate, has forwarded to the Justices of the Supreme Court the following Senate Resolution No. 209, which requests an advisory opinion of the Justices relative to H.B. 287, to-wit:
BE IT RESOLVED BY THE SENATE OF THE LEGISLATURE OF ALABAMA, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court or a majority of them, to give this body their written opinions on the following important constitutional question which has arisen concerning H.B. 287, pending before the Senate, a copy of which is attached to this resolution and made a part hereof by reference.
House Bill 287, as introduced, raised revenue for the Highway Department and has been amended and substituted in the House of Representatives and in the Senate. While the bill still produces revenue for the Highway Department, it is now in the form of 4$ per gallon tax on gasoline. Does the changing of the revenue producing device violate Section 61 of the Constitution as a bill so altered or amended as to change its original purpose?
RESOLVED FURTHER, That the Secretary of the Senate is hereby directed to send sufficient true copies of the pending bill, H.B. 287, with all House and Senate amendments and substitutes, to the Clerk of the Supreme Court of Alabama, and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this Resolution.
The answer to the sole question propounded by your request is in the negative.
Section 61 of the Constitution of Alabama of 1901, provides that “no bill shall be so altered or amended on its passage through either house as to change its original purpose.” The “purpose” of a bill within this section has been held to mean its general purpose, not mere details through which its purpose is manifested and effectuated. Opinion of the Justices, 361 So.2d 536 (Ala.1978); State Docks Commission v. State, 227 Ala. 521, 150 So. 537 (1933).
In Opinion of the Justices, supra, this Court held that the bill under scrutiny altered the original bill passed only in the method of effectuating its purpose, which remained unchanged from the original bill. The general purpose of the original bill was to provide monies for capital improvements for public educational purposes. The original bill employed a direct appropriation of $250,000,000 from the Alabama Special Educational Trust Fund, over a designated period. The substitute bill altered the financing method to provide instead for a bond issue of $220,325,000 by the Alabama Public School and College Authority. We held that since only the financing method had been altered, § 61 had not been violated, because the general purpose of each of the two bills — to provide monies for capital improvements for public education purposes — was identical. See also, Opinion of the Justices, 264 Ala. 181, 86 So.2d 1 (1956); Opinion of the Justices, 252 Ala. 525, 41 So.2d 758 (1949).
The same rationale is applicable to the two proposals here under scrutiny. The general purpose of House Bill No. 287 is to raise revenue exclusively for highway purposes. The general purpose of the Senate Finance and Taxation Committee’s substitute to House Bill No. 287 is identical. Only the method of financing is altered. House Bill No. 287 originally proposed to raise revenue by removing the sales tax exemptions from motor fuel, gasoline and lubricating oil. The Senate committee’s *529 substitute proposes to raise the revenue by imposing a four cents per gallon tax on gasoline. While the details through which the bill’s purpose would be effectuated are different, the general purpose of each version of the bill — raising revenue for construction and maintenance of highways throughout the state — is the same. Both versions levy a tax incident to the sale of gasoline, even though the tax is measured differently.
It is, therefore, our opinion that the constitutional prohibition of § 61 has not been violated in that the Bill in question has not been so altered or amended on its passage as to change its original purpose. Opinion of the Justices, 361 So.2d 536 (Ala.1978).
Respectfully submitted,
C. C. Torbert, Jr., Chief Justice
Hugh Maddox, Reneau P. Almon Janie L. Shores Eric Embry Associate Justices